FILED

2017 MAR 13 PM 4:31

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LUZ VELAZQUEZ, | ) |
| Plaintiff, | ) Case Number 6:17-CV-456-ORL-28-DCI |
| vs. | ) COMPLAINT |
| NORTH AMERICAN CREDIT SERVICES INC., AND KEVIN B. WILSON LAW OFFICES, | ) JURY TRIAL DEMAND |
| Defendants. | ) |

## NATURE OF ACTION

1. Plaintiff Luz Velazquez ("Plaintiff") brings this action against Defendants North American Credit Services, Inc. ("NACS") and Kevin B. Wilson Law Offices ("Wilson Law") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to

1

the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)) (Holding that consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (Holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Id.* at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

9. Whether a debt collectors actions violate the FDCPA is determined by the "least sophisticated consumer." *Id.* at 1194.

10. The least sophisticated consumer standard was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous . . . and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-73 (11th Cir. 1985) (quoting *Federal Trade Commission v. Standard Education Soc.*, 302 U.S. 112, 116 (1937) (internal citations omitted).

11. Therefore, a debt collector is liable for engaging in conduct that could mislead the least sophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled. *See Jeter*, 760 F.2d at 1177 n.11 ("we reiterate that the question is not whether [the plaintiff] was deceived, but whether the 'least sophisticated consumer' would have been deceived.").

12. Among the rights provided by the FDCPA, the FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

13. Courts have held that it is a misleading, deceptive, or false representation in an attempt to collect a debt where the letter appears to come from an attorney or law firm, yet there had been no meaningful attorney review of the consumer's file. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir. 2003) ("[S]ome degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA."); *Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir.1993) ("[T]he use of an attorney's signature on a collection letter implies that the letter is 'from' the attorney who signed it . . . [T]he use of an attorney's signature implies—at least in the absence of language to the contrary—that the attorney

signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent.").

14. Also included within this broad prohibition are violations for "the false representation of (A) the character, amount, or legal status of any debt; or (B) "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(A-B).

## PARTIES

15. Plaintiff is a natural person who at all relevant times resided in the State of Wisconsin, County of Jefferson, and City of Lake Mills.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. NACS is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. NACS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Wilson Law is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Wilson is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

21. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

22. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for

personal, family, or household purposes—namely, personal medical bills (the "Debt").

23. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24. In connection with the collection of the Debt, NACS sent Plaintiff a letter in an attempt to collect the Debt on March 14, 2016.

25. A true and correct copy of NACS's March 14, 2016 letter is attached to this complaint as Exhibit A.

26. NACS's March 14, 2016 letter was its initial communication with Plaintiff with respect to the collection of the Debt. Exhibit A.

27. NACS's March 14, 2016 letter identified the balance of the Debt as $334.40. Exhibit A.

28. NACS's March 14, 2016 letter failed to inform Plaintiff that the Debt was subject to increase due to accrued interest, fees, or other charges. Exhibit A.

29. In connection with the collection of the Debt, NACS sent Plaintiff a subsequent letter dated June 2, 2016.

30. A true and correct copy of NACS's June 2, 2016 letter is attached to this complaint as Exhibit B.

31. NACS's June 2, 2016 letter stated that the balance on the Debt was $334.40 and that it was from the "pre-legal review division." Exhibit B.

32. NACS's June 2, 2016 letter again failed to state that Plaintiff's Debt was subject to increase. Exhibit B.

33. On June 29, 2016, Plaintiff received a collection letter on the Debt from Wilson

Law, a debt collector and law firm.

34. A true and correct copy of the June 29, 2016 letter is attached to this compliant as Exhibit C.

35. The June 29, 2016 letter indicates that: "Contractual attorney fees, as provided for in your agreement with our client, have been added to the amount owed on this account." Exhibit C.

36. The amount of the Debt had increased from $334.40 in the previous letters to $418.00 in the June 29, 2016 letter.

37. NACS's March 14, 2016 and June 2, 2016 letters are misleading to the consumer who could readily conclude that the total account balance stated as due was due at any time, when in fact it was not, and was subject to adjustment based on contractual attorney's fees.

38. At the very least, NACS should have notified Plaintiff that the Debt was subject due to increase in its June 2, 2016 letter which it stated was a letter from the "pre-legal review division." Exhibit B.

39. Whether the Debt was subject to increase based on additional charges is information material to the consumer in that it impacts their ability to intelligently choose their response to the collection activity.

40. NACS's omission of material information in its March 14, 2016 and June 2, 2016 letters would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

41. Wilson Law's March 14, 2016 initial written communication also failed to clearly and effectively state the amount of the Debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

42. Because Wilson Law's March 14, 2016 letter came from an attorney—and did not contain any disclosures explaining the extent of his involvement—the least sophisticated consumer could reasonably believe that an attorney had reviewed his file and determined that he was a candidate for legal action.

43. However, neither attorney with Wilson Law is licensed to practice law in the State of Florida.

44. The Debt was incurred in Florida and all agreements creating the Debt were also signed in Florida.

45. Therefore, Wilson Law is not entitled to collect contractual attorney's fees for a Debt in a state which Wilson Law is not licensed to initiate any legal action to collect the Debt.

46. Further, Wilson Law's attempt to collect Plaintiff's Debt was false, misleading, and deceptive in violation of § 1692e because Wilson Law is not licensed to practice law in the State of Florida—and therefore could not use legal means to enforce the Debt against Plaintiff in Florida.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**NACS**

47. Plaintiff repeats and re-alleges each factual allegation contained above.

48. The FDCPA forbids the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

49. NACS violated § 1692e(2)(A) by failing to accurately represent in its March 14, 2016 and June 2, 2016 letters that the Debts were subject to increase due to interest or other fees, including—as was added in this case—contractual attorney fees.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that NACS violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## NACS

50.    Plaintiff repeats and re-alleges each factual allegation contained above.

51.    The FDCPA forbids the use of false, deceptive, or misleading representations or means in connection with the collection of the Debt.

52.    NACS violated § 1692e(10) by failing to accurately represent in its March 14, 2016 and June 2, 2016 letters that the Debts were subject to increase due to interest or other fees, including—as was added in this case—contractual attorney fees.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that NACS violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## NACS

53. Plaintiff repeats and re-alleges each factual allegation contained above.

54. The FDCPA requires that a debt collector, in its initial written communication with a consumer, meaningfully convey to Plaintiff "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

55. NACS violated § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its initial communication or within five days thereafter, including by failing to convey that the Debts were subject to increase due to interest or contractual attorney's fees.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that NACS violated 15 U.S.C. § 1692g(a)(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    a) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e
### Wilson Law

56. Plaintiff repeats and re-alleges each factual allegation contained above.

57. The FDCPA forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e, 1692e(10).

58. Wilson Law violated § 1692e by sending a collection notice from an attorney who is not licensed in the state of Florida, without meaningful disclosure of the extent of his representation in connection with the collection of the Debt and failed to explain that the Debt was subject to increase due to additional charges, including attorney's fees.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)
### Wilson Law

59. Plaintiff repeats and re-alleges each factual allegation contained above.

60. The FDCPA forbids the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B).

61. Wilson Law violated § 1692e(2)(B) by adding contractual attorney's fees to Plaintiff's Debt when Wilson Law is not licensed in Florida and therefore is unable to obtain a judgment against Plaintiff in the State of Florida.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(B);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT VI
### VIOLATION OF FLA. STAT. § 559.72(7)
### Wilson Law

62. Plaintiffs repeat and re-allege each and every factual allegation above.

63. Wilson Law violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right when such person knows that the right does not exist, including attempting to charge legal contractual fees in a jurisdiction that Wilson Law is not licensed to practice law.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated Fla. Stat. § 559.72(9);

b) Awarding Plaintiffs actual damages, pursuant to Fla. Stat. § 559.77(2);

c) Awarding Plaintiffs statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

d) Awarding Plaintiffs punitive damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiffs such equitable relief as the Court deems necessary or proper, including but not necessarily limited to enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiffs reasonable attorneys' fees and court costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

64.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 10, 2017

                                        Respectfully submitted,

                                        /s/ Alex D. Weisberg
                                        Alex D. Weisberg
                                        FBN: 0566551
                                        Weisberg Consumer Law Group, PA
                                        Attorneys for Plaintiff
                                        5846 S. Flamingo Rd, Ste. 290
                                        Cooper City, FL 33330
                                        (954) 212-2184
                                        (866) 577-0963 fax
                                        aweisberg@afclaw.com

                                        Correspondence address:

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206